IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| THE EXTRADITION OF ) | Case No.   20-mj-00115-KLM |
| ) | |
| CHARLES ANDREW DIETRICH ) | |

COMPLAINT FOR PROVISIONAL ARREST
WITH A VIEW TOWARDS EXTRADITION (18 U.S.C. § 3184)

I, Emily Treaster, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1.   In this matter, I represent the United States in fulfilling its treaty obligation to France.

2.   There is an extradition treaty in force between the United States and France. Extradition Treaty Between the United States of America and France, U.S.-Fr., Apr. 23, 1996, S. TREATY DOC. NO. 105-13 (1997), *as amended by* the Instrument as contemplated by Article 3, paragraph 2, of the Agreement on Extradition Between the United States of America and the European Union signed 25 June 2003, as to the application of the Extradition Treaty Between the United States of America and France signed 23 April 1996, U.S.-Fr., Sept. 30, 2004, S. TREATY DOC. NO. 109-14 (2006) (collectively, the "Treaty").

3.   The Treaty provides in Article 13 for the provisional arrest and detention of alleged fugitives pending the submission of a formal request for extradition and supporting documents.

4.   In accordance with Article 13 of the Treaty, the Government of France has asked the United States for the provisional arrest of Charles Andrew DIETRICH ("DIETRICH") with a view towards his extradition.

5. According to the information provided by the Government of France, a warrant for DIETRICH's arrest was issued on August 10, 2020, by a French investigating judge of the Court of Appeal of Paris, Judicial Court of Creteil.  The warrant charges DIETRICH with premeditated murder, in violation of Article 221-3 of the French Criminal Code ("FCC").  The provisional arrest request, as supplemented by additional information from the Government of France, presents the following facts as the basis for the criminal charge and arrest warrant.

 a. On July 29, 2020 at around noon, French police arrived at a crime scene in Saint Maur des Fosses, France at the home of Aurélie KAZIAN, where her body and the body of her boyfriend, Christophe HAUTCOEUR, had been discovered by KAZIAN's mother.   Both victims had been killed with a 9mm firearm.  They were both naked, and KAZIAN's body was on her bed.  French investigators seized eighteen casings from the crime scene.

 b.  KAZIAN's mother indicated to investigators that her daughter was married to DIETRICH but the couple had separated.  According to French authorities, DIETRICH, a United States citizen, left France and went to live in the United States following the couple's separation.  Witnesses informed French investigators that the relationship between KAZIAN and DIETRICH had been volatile and that DIETRICH had considered that KAZIAN had "stolen" the couple's three daughters from him.  French authorities confirmed that DIETRICH had sent hostile messages to KAZIAN.  KAZIAN's mother also indicated that although KAZIAN had primary custody of the couple's daughters in France, the three children were in the United States under DIETRICH's care at the time of the murder.

 c. Based on video surveillance and information from U.S. Customs and Border Patrol, DIETRICH arrived in Paris at Charles de Gaulle airport on July 27, 2020.  DIETRICH took a taxi to an address in Paris, then took a second taxi to the Hotel Best Western Ronceray Opera,

2

located at 10 Boulevard Montmartre, where he checked-in at 12:43 p.m.[1]  Throughout the afternoon, DIETRICH left his hotel room on multiple occasions for short intervals.  At 7:26 p.m. that evening, video surveillance footage captured DIETRICH entering his hotel room, and then exiting minutes later.  At 7:48 p.m., video surveillance footage captured him getting into a taxi holding a plastic bag (like the type used for shopping).

      d.  When questioned by French investigators, the taxi driver positively identified DIETRICH from a series of photographs and recalled picking DIETRICH up at approximately 7:40 p.m. on July 27, 2020.  The taxi driver stated that DIETRICH asked him to take him to 10 Rue Jules Joffrin in Saint Maure des Fosses.  The taxi driver entered the address into his vehicle's GPS and indicated that the location where he dropped DIETRICH off was a small, one-way street in a residential area.   An analysis of the taxi driver's cell phone confirmed that his phone pinged an antenna near the indicated drop-off address at 8:24 p.m.  French authorities confirm that DIETRICH's destination on the evening of July 27, 2020, 10 Rue Jules Joffrin in Saint Maure des Fosses, is near KAZIAN's residence.

      e.  French investigators determined KAZIAN and HAUTCOEUR spent the evening of July 27, 2020 at a local brasserie before leaving at approximately 9:26 p.m. to return to KAZIAN's home, where they were killed.

      f.  DIETRICH was seen on camera coming back to his hotel at 3:31 a.m. on July 28, 2020, without the plastic bag with which he had left the hotel.  Soon thereafter, around 4:00 a.m., DIETRICH took a taxi from his hotel to Paris Charles de Gaulle airport, where he was seen on

---

[1]  Additional information from France, which has been informally translated by a DOJ employee, indicates that the taxi driver who dropped off Dietrich at his hotel heard Dietrich state

surveillance video at 4:27 a.m. in terminal E, boarding a flight to the United States.

  g.  Additional information from France, which has been informally translated by a DOJ employee, indicates that a male genetic profile was found on the power switch in the utility room, next to the room where the murders were committed, which is possibly where the murderer hid before committing the murders.  The genetic profile has not yet been matched; it is believed to be related to the genetic profile of the three girls and could correspond to DIETRICH.

  h.  As part of the request, French authorities have provided a photograph of DIETRICH.

7.  The offense with which DIETRICH is charged is provided for in Article 2 of the Treaty.

8.  DIETRICH is believed to be in the State and District of Colorado.  The French authorities provided his last known address as 2805 Helmsdale Drive, Colorado Springs, Colorado.  In addition, the U.S. Marshals Service obtained the following information related to DIETRICH's location.  A law enforcement database indicates that DIETRICH is the registered owner of that address.  His Colorado driver's license also lists that address, and utilities for that address are in his name.  On August 14, 2020, a Deputy U.S. Marshal observed a vehicle registered to the defendant at that address; that vehicle was also at the address on August 17, 2020, but it had been moved from the location where it was observed on August 14, 2020.  The blinds were open, and a male could be seen inside the home on the morning of August 17, 2020.

8.  The Government of France has represented that it will submit a formal request for extradition supported by the documents specified in the Treaty, within the time required under the Treaty.

---

that he was coming from Denver, Colorado to get his kids.

9. DIETRICH would be likely to flee if he learned of the existence of a warrant for his arrest. According to French authorities, the three children of KAZIAN and DIETRICH are currently in DIETRICH's custody in the United States.

WHEREFORE, the undersigned requests that a warrant for the arrest of the aforenamed person be issued in accordance with 18 U.S.C. § 3184 and the extradition treaty between the United States and France, and that this Complaint and the warrant be placed under the seal of the Court, except as disclosure is needed for its execution, until such time as the warrant is executed and the defendant has his initial appearance in this District.

Dated this 17th day of August, 2020.

JASON R. DUNN
United States Attorney

*/s/ Emily Treaster*
EMILY TREASTER
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
303-454-0100
Emily.Treaster@usdoj.gov

Submitted, attested to, and acknowledged by reliable electronic means this 17th day of August, 2020.

United States Magistrate Judge